UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DORYAN PARKER,

    Plaintiff,                               CASE NO.:

v.

ASCEND PERFORMANCE MATERIALS, Inc.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, DORYAN PARKER, hereby sues Defendant, ASCEND PERFORMANCE MATERIALS, Inc., and in support alleges as follows:

## NATURE OF THE ACTION

1. This is an action brought under, 42 U.S.C. § 2000e *et seq*. ("Title VII") and 42 U.S.C §1981.

2. This is an action for damages that exceed $50,000.00, the minimum jurisdictional limits of this court, exclusive of interest and costs, and Plaintiff demands a trial by jury; accordingly, although in filing this Complaint Plaintiff's counsel was required to and did file a Civil Cover Sheet stating an "Amount of Claim" figure, that figure is for data collection and clerical processing purposes only,

and the amount of damages in this action will be decided by the jury in compliance with Article I, Section 21, Florida Constitution.

## PARTIES

3. At all times material hereto, Plaintiff, DORYAN PARKER, has been a resident of Florida and was employed by the Defendant. Plaintiff was a member of a protected class due to his race and reporting conduct unlawful under the Florida Civil Rights Act.

4. At all times pertinent hereto, Defendant, ASCEND PERFORMANCE MATERIALS, Inc., has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to this claim.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that he timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). Plaintiff received a Right to Sue Letter from the EEOC and 180 days have passed since he filed a charge of discrimination with FCHR.

## **STATEMENT OF ULTIMATE FACTS**

6. Plaintiff, Doryan Parker, is an African American male, that, prior to his termination, worked for Defendant since 2021.

7. While working for Defendant, Plaintiff became aware that two of his white co-workers were offended that he as an African American was making more money than them. They made comments using racial epithets as well and expressed their desire to have Plaintiff fired.

8. Since that time those two white co-workers, Patricia Bagget and Mike Kimbro, began harassing Plaintiff because of his race.

9. Plaintiff notified his supervisor Mohamed Othman and Mr. Othman apologized for their behavior, told him it would not be tolerated and commended Plaintiff for taking the high road and not responding to them.

10. However, to Plaintiff's knowledge, nothing was done to correct their behavior.

11. These co-workers began to sabotage Plaintiff's work to make it appear that he was not doing his work.

12. When Defendant notified Plaintiff that they were receiving complaints about Plaintiff. Plaintiff informed Defendant that these allegations were untrue and fabricated.

13. Despite this, Plaintiff was placed on a performance improvement plan ("PIP").

14. Plaintiff also emailed his supervisor and Human Resources informing them that his co-workers were sabotaging him, changing his work after he completed it and provided evidence of this.

15. Specifically, that one of Plaintiff's colleagues was falsifying and putting erroneous entries into his shift logs and then complaining about Plaintiff to management.

16. Plaintiff's supervisor told him they would investigate it and use their IT department to pull credentials and find out who was sabotaging Plaintiff which resulted in Plaintiff being placed on the PIP.

17. Despite this, Defendant did not remove Plaintiff from his PIP, nor did it notify him of its investigation results or correct his co-workers' behavior.

18. Further, despite completing all requirements of the PIP, Plaintiff's PIP was extended for at least another 2 months.

19. On February 26, 2023, Plaintiff reported his complaints of discrimination to the head of his area's Human Resources Department, Quincy Huggins, and provided supporting evidence and documentation to support his claims.

20. On March 8, 2023, Plaintiff and Mr. Huggins spoke on the phone and Plaintiff again relayed his complaints of discrimination. Mr. Huggins informed Plaintiff that he would get back to Plaintiff within the week.

21. On March 19, 2023, Plaintiff did not hear back from Mr. Huggins so he reached back out to him and copied the Rachel Gold, the head of Defendant's Corporate Human Resources Department.

22. Plaintiff did not hear back from Human Resources and instead Plaintiff was terminated on March 22, 2023.

## Count I
## 42 U.S.C §1981- Race Discrimination

23. Plaintiff realleges paragraphs 1-22 as though fully set forth herein.

24. Plaintiff is a member of a protected class based on his race.

25. Defendant is an "employer" within the meaning of the statute.

26. Defendant discriminated against Plaintiff by harassing him, treating him differently than his white co-workers, discriminatory subjection to disciplinary procedures, discriminatory performance evaluations, and ultimately firing him.

27. Further, Defendant was aware of the racial harassment that Plaintiff was subjected to but failed to take remedial action. Plaintiff sought to go through the proper channels to correct and prevent the harassment, but nothing was done.

28. The harassment and discrimination, Plaintiff's unjustified placement on a performance improvement plan, and his termination, constitute adverse employment action prohibited by §1981.

29. The harassment was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment.

30. There is a causal connection between Plaintiff's race and the adverse employment actions taken against him.

31. Defendant acted with reckless indifference when it failed to correct and/or prevent the harassment and discrimination that Plaintiff was experiencing and instead terminated Plaintiff.

32. Defendant's actions were taken with a willful and wanton disregard of Plaintiff's rights under §1981.

33. As a direct and proximate result of the foregoing unlawful acts, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, and other tangible and intangible damages, and these damages are ongoing. Plaintiff is entitled to relief.

34. As Plaintiff is obliged to retain counsel for redress, she is entitled to reasonable attorneys' fees, as well as costs.

## Count II
## 42 U.S.C §1981- Retaliation

35. Plaintiff realleges paragraphs 1-22 as though fully set forth herein.

36. Plaintiff is a member of a protected class based on his reporting unlawful race discrimination.

37. Defendant is an "employer" within the meaning of the statute.

38. Plaintiff reported that he was being discriminated against based on his race.

39. Shortly after these reports, Plaintiff was subjected to unlawful retaliation including the extension of his Performance Improvement Plant and ultimately his termination.

40. There is a causal connection between Plaintiff's reports of discrimination and those adverse actions.

41. Plaintiff was subjected to adverse actions because of his reporting of discriminatory conduct.

42. As a direct and proximate result of the foregoing unlawful acts, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, and other tangible and intangible damages, and these damages are ongoing. Plaintiff is entitled to relief.

## COUNT III
## Race Discrimination in violation of 42 U.S.C. §2000e *et seq.*

43. Plaintiff realleges paragraphs 1-22, as if fully set forth herein.

44. Plaintiff is entitled to relief against Defendant for violating Title VII, 42 U.S.C. §2000e *et seq.*

45. Defendant is an employer as that term is used under the applicable statutes referenced above.

46. Plaintiff was a member of a protected class based on his race (Black), which was known and obvious.

47. There is a causal connection between Plaintiff's race and the adverse employment actions taken against him.

48. Plaintiff was qualified to perform his job and was treated less favorably than similarly situated individuals outside of his class. Specifically, white colleagues engaged in behavior substantially more egregious than any of Plaintiff's alleged deficient performance and were not counseled or subject to adverse employment actions.

49. As a direct and proximate result of the foregoing unlawful acts, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, and other tangible and intangible damages, and these damages are ongoing. Plaintiff is entitled to relief.

50. As Plaintiff is obligated to retain counsel for redress, she is entitled to reasonable attorneys' fees, as well as costs.

WHEREFORE, Plaintiff seeks damages as noted below.

## COUNT IV
### Retaliation in violation of 42 U.S.C. §2000e *et seq.*

51. Plaintiff realleges paragraphs 1-22, as if fully set forth herein.

52. Defendant retaliated against Plaintiff because he engaged in protected conduct with respect to terms, conditions, and privileges of his employment in violation 42 U.S.C. § 2000e-5(k).

53. Plaintiff is a member of a protected class within the meaning of the applicable law.

54. The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms, conditions, and privileges of his employment, including his termination from employment.

55. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, and other non-pecuniary losses, along with lost back pay and front pay, interest on pay, bonuses and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic losses to Plaintiff from Defendant for Defendant's violations of law enumerated herein and awarding Plaintiff Punitive damages for Defendant's reckless indifference towards Plaintiff's federally protected rights;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Dated this 16th day of January, 2024.

    Respectfully submitted,

    /s/ *Tiffany R. Cruz*
    **Tiffany R. Cruz**
    Florida Bar No.: 090986
    Tiffany@tiffanycruzlaw.com
    **Kevin C. Kostelnik**
    Florida Bar No.: 0118763
    Kevin@tiffanycruzlaw.com
    Kera@tiffanycruzlaw.com
    Parker@tiffanycruzlaw.com
    **CRUZ LAW FIRM, P.A.**
    411 N. Calhoun Street
    Tallahassee, FL 32301
    850-701-8838

    *ATTORNEYS FOR PLAINTIFF*